## AS TO THE VALIDITY OF A CHANGE OF BENEFICIARY.

Court of Appeals for Licking County.

MUTUAL BENEFIT DEPARTMENT OF ORDER OF RAILWAY CONDUC
TORS OF AMERICA v. MARY I. BLAND AND ELLA
J. BLAND.

Decided, March Term, 1915.

*Mutual Benefit Societies—Change of Beneficiary—Capacity of Insured to Make a Change—Claim of Undue Influence—Legal Right of Beneficiary to Make a Change.*

1. The fact that insured, when fatally ill with tuberculosis, left his wife and went to live with his mother, and refused longer to support his wife and in some ways showed ill-will toward her, and caused his mother to be made the beneficiary instead of his wife in his certificate of life insurance, does not establish unsoundness of mind or memory on his part or the exercise of undue influence over him.

2. In making a change of beneficiary the insured exercised a right granted him under the rules of the order, as well as under the established rule of law that where the change is made substantially as provided for in the laws of the order or association, and to its full satisfaction and that of the insured, it is a valid change.

3. Where it appears that the beneficiary whose name has been dropped from a certificate paid certain of the assessments out of her own money, a court in ordering distribution of the proceeds of the certificate will direct that the amount so paid be restored to the one paying it.

*Kibler & Kibler,* for Edward M. Barrett, administrator.
*Flory & Flory,* for Ella J. Bland.

HOUCK, J.

The facts in this case are that David E. Bland and Mary I. Bland were husband and wife, being married on November 28th, 1900. He was a railroad conductor and had been in the employ of the B. & O. R. R. Company, as such, for a number of years prior to his death, which occurred on the 2d day of December, 1911.

On the 14th day of November, 1904, he took out a benefit certificate for $2,000, in the Mutual Benefit Department of Order of Railroad Conductors of America, whose principal office is located in Cedar Rapids, Iowa, naming as his beneficiary therein his wife, Mary I. Bland. It is alleged that prior to his death Mary I. Bland paid a number of the assessments thereon from her own money; that Ella Bland, the mother of the said David E. Bland, paid a number of the assessments to keep said insurance in force; that said benefit certificate remained in their home, and in their joint custody, until about one year before the husband's death; that on the 29th day of October, 1911, the said husband left their home in the city of Newark, Ohio, and went to the home of his mother, Ella J. Bland, where he remained until his death; that on the 4th day of November, 1911, the said David E. Bland, in writing, requested the said Mutual Benefit Department of Order of Railway Conductors of America to change the beneficiary in said benefit certificate from his wife to his mother, Ella J. Bland; that on the 8th day of November, 1911, he sent said certificate to said Order of Railway Conductors, and on the 10th day of November, 1911, it erased therefrom the name of Mary I. Bland, and inserted therein the name of Ella J. Bland, the mother of said David E. Bland, and returned said certificate to him, and the same was in his possession at the time of his death; that said wife did not consent to said change, and had no knowledge of same, until some time after the change was made; that David E. Bland was never married prior to his marriage with Mary I. Bland, who survived him as his widow; that

Mary I. Bland was a widow when she married David E. Bland, and had one son at the time of said marriage with David E. Bland, and that the son at that time was about nine years old.

After the death of David E. Bland claims for the payment of the $2,000, the amount of said benefit certificate, were made to the said Order of Railway Conductors, by both the wife and mother of decedent, each demanding payment, and claiming to be legally entitled to same. The said Order of Railway Conductors, being in doubt as to whom payment should be made, filed an interpleader, in the common pleas court of this county and paid the money, $2,000, into court, where the same now. is in the possession of the clerk thereof.

This case is here for determination, on the second amended answer and cross-petition of Mary I. Bland, and the answer of Ella J. Bland thereto, and the evidence.

The said Mary I. Bland in her second amended answer and cross-petition, in addition to the above facts, alleges:

"That the said David E. Bland and Mary I. Bland were married on the 28th day of November, 1900, and lived together as husband and wife until the 29th day of October, 1911, at which time David E. Bland was mortally ill with tuberculosis, was weak in mind and body, and not sufficient mental capacity to transact ordinary business, was so weak in mind as to be unable to resist the influence and importunities of those around him, and that on the 10th day of November, 1911, Ella J. Bland and one Clifford T. Bland, a brother of said David E. Bland, wickedly contriving and conspiring to poison and alienate the mind and affections of said David E. Bland, for his wife Mary I. Bland, and for the sole purpose of preventing her from receiving any property or estate of the said David E. Bland, who was about to die, the said David E. Bland and Mary I. Bland, having no children, and for the purpose of obtaining for themselves the property and estate of the said David E. Bland, did poison his mind toward his wife and alienate the affection of said David E. Bland for the said Mary I. Bland, and by falsehood, deception and fraud caused the said David E. Bland to believe that this defendant was not faithful to and devoted to him, all of which was false as the said Ella J. Bland and said Clifford T. Bland well knew; that by said acts aforesaid of the said Ella J. Bland, and Clifford T. Bland, the said David E. Bland did attempt to change the beneficiary in said $2,000 benefit certificate

from Mary I. Bland, to Ella J. Bland, but that same was wholly void so far as David E. Bland was concerned, and the same was not the act, intention or purpose of said David E. Bland, and that by reason of said disease he was mentally incapable of doing same, and the same was the result of duress, coercion, deceit and fraud practiced upon him by the said Ella J. Bland and Clifford T. Bland, for the purpose aforesaid, and in fraud of the rights of Mary I. Bland; that said Ella J. and Clifford T. Bland by continual urging and solicitation actually overcame the will of the said David E. Bland and substituted their own in place of his, he being too weak in mind and body to resist same, and thereby caused him to make said attempted change in the beneficiary named in said certificate.

"By reason of the premises Mary I. Bland says that she is the real beneficiary under said benefit certificate; that the same was never changed, and that she is entitled to recover the said sum of $2,000 and prays that said attempted assignment and transfer of said certificate to Ella J Bland, be held to be null and void, and that the court order said money paid to her.'

. The answer of Ella J. Bland to the second amended answer and cross-petition of Mary I. Bland, is a general denial of all the material allegations therein; and she specifically alleges that David E. Bland was of sound mind and memory and that he was not influenced or coerced into changing the beneficiary in the benefit certificate held by him in the Order of Railway Conductors, and that she is the real beneficiary and prays that said sum of $2,000 be ordered paid to her.

After the trial and decree in this case in the court below, Mary I. Bland departed this life, and Edward M. Barrett was appointed by the Probate Court of Licking County, Ohio, as the administrator of the estate of the said Mary I. Bland, and gave bond and is now qualified in the premises and this cause so far as Mary I. Bland's interest is concerned, is being prosecuted in the name of said administrator.

As we view this case, three questions are presented for determination by the court, two of them being questions of fact and one of law.

The questions of fact are:

First: Was David E. Bland of sound mind and memory and qualified to transact ordinary business on the 10th day of No-

vember, 1911, being the date of the change in the benefit certificate?

Second: Was David E. Bland unduly influenced to make such changes in the benefit certificate?

The question of law is:

Could David E. Bland, without the consent of Mary I. Bland, the beneficiary, change same to his mother, Ella J. Bland?

Coming now to the questions of fact, will state that the record of the testimony below was long and many witnesses were examined; but we have gone over it with care and attention, and while there is some conflict in the testimony, yet on the whole it is clear and convincing.

It does seem strange that a husband who had lived with his wife in comparative happiness for ten years would, when about to pass into the great beyond, become estranged from her to such an extent that he did not want her to have or possess any of his property; that he left his home and went to and lived in the home of his mother; that his former love and desire for his wife, at least in some respects, turned to hatred and ill-will.

True, there were in their married life some little differences, but nothing of a serious nature. He refused to pay the house rent; he refused to furnish her food and shelter; he was mortally ill with tuberculosis, which caused his death; he was weak in body and may have been somewhat disturbed in mind; he lived in the home of his mother and his brother, Clifford T. Bland.

Can it be claimed from these facts and what occurred at the home of his brother, as detailed by the witnesses, that David E. Bland was of unsound mind and memory, or that he was unduly influenced? We think not.

What is it to be of sound mind and memory and not unduly influenced, as understood and contemplated in law? If David E. Bland at the time he made the transfer of said certificate understood the nature, extent and scope of the business he was about to and did transact, and possessed that degree of mental strength that would enable him to transact ordinary business, then in law he would be considered a person of sound mind and memory.

The law does not undertake to test, by any specific method, a person's intelligence, nor does it attempt to define the exact quality of mind and memory one must possess to transact ordinary business. The rule does not require that high degree of capacity that a man's memory must be just as perfect as it ever was, or that his physical strength what it was, possibly, when in youth. David E. Bland may have been somewhat enfeebled in mind and body, but if he knew his surroundings and was able to and did grasp the situation, and was able to and did transact ordinary business at or near the time of the transaction in controversy in a proper and business-like way and manner then he would be of sound mind and memory as the rule of law requires.

Undue influence is just what the language implies. Any influence or act brought to bear upon a person entering into a contract or in the performance of a business transaction, taking into consideration the nature of the transaction and all the circumstances of each particular case, precludes the exercise of free and deliberate judgment.

The proof, as to undue influence, must be of such a character as to show the act was not the act of the person himself, but of some other person, and it must be clear and convincing.

If to the facts in this case, as established by the evidence, we apply the above well known principles of law, can it be properly claimed that Mary I. Bland has maintained and established her contention that David E. Bland was of unsound mind and memory and was unduly influenced at the time claimed by her? We think not.

It is claimed, on behalf of Mary I. Bland, that David E. Bland could not change the beneficiary in the benefit certificate without her consenting to same, and that it was changed without her knowledge or consent and is therefore null and void.

In the determination of this case it may be stated that the various rules of law which are applicable to ordinary life insurance cases do not apply here, because the laws, rules and regulations of mutual benefit associations, from which this case at bar comes are governed differently and under different laws from ordinary life insurance companies.

On page 100 of the constitution, statutes, rules of order, and laws governing the mutual benefit department, Order of Railway Conductors of America, being Exhibit ''D,'' we find the following rule as to benefit certificates, their change, etc.:

''The applicant must designate in his application some person or persons wife, relative or legal representative, to whom benefits shall be paid in the event of his death, and the secretary shall enter such designated name or names upon the register of the department and also upon the certificate of membership. Any member desiring to make any change in the named beneficiaries may do so with the consent of the department by making request for such change on blanks provided for that purpose and returning the certificate for necessary correction, provided no benefits shall be made payable to any other than wife, relative or legal representative of the member.''

We find from the evidence that David E. Bland complied strictly and absolutely with the above requirements, and that the change of beneficiary in the benefit certificate in question was done strictly in accordance with the rules and regulations of Order of Railway Conductors.

While David E. Bland not only complied with the rules and regulations of the Order of Railway Conductors in making the change of beneficiary in his benefit certificate he not only exercised a right given him under the rules and regulations of said company, but exercised a right given under established rules of law which principle is well known in Ohio, and we need but cite one authority, being the case of *Earley* v. *Earley*, 3 C.C. (N.S.), 71, which case was affirmed by the Supreme Court, O. S., page 562. The doctrine laid down in that case is certainly decisive of the question as to the right of the insured to change the beneficiary without the consent of the beneficiary. The second syllabus reads:

''While a change of beneficiaries in a mutual benefit society must be made in accordance with the laws of the society, yet when the change is made substantially as provided by the laws of the society to its satisfaction, and that of the insured, a new certificate being issued to the new beneficiary, and the old certificate canceled, although not delivered to the society, the first

beneficiary can not object to the manner of change because the change is made without her knowledge and not in strict conformity to the law of the society providing for the change of beneficiaries.''

We, therefore, find the law and equities in this case in favor of the defendant, Ella J. Bland, and against the defendant, Mary I. Bland, and the administrator of her estate, Edward M. Barrett, but we find as alleged and claimed in the second amended answer and cross-petition of Mary I. Bland, that she in her lifetime paid some of the assessments on the insurance held in said Order of Railroad Conductors, and we believe that her estate should be reimbursed for such assessments so paid by her. The evidence is indefinite and uncertain as to the amount she paid, but we feel that the sum of $50 should be paid to the estate of said Mary I. Bland out of the fund now in the hands of the clerk of the common pleas court of this county in this case, and the court coming now to the distribution of said fund in the hands of said clerk of courts, hereby orders and directs said fund to be paid out and distributed by said clerk as follows:

First: To pay the costs of this case and taxes.

Second: To pay to Edward M. Barrett, as administrator of the estate of Mary I. Bland, the sum of $50.

Third: The rest and residue to be paid to Ella J. Bland.

SHIELDS, J., and POWELL, J., concur.